UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED OSAMA EL-SHESHTAWY,

Petitioner,

-v.-

JUDITH ALMODOVAR, *New York Field Office official, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; TODD BLANCHE, *Attorney General of the United States and the current Director or senior official performing the duties of Director*; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

26 Civ. 7850 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. #1), Petitioner's emergency motion for a temporary restraining order (Dkt. #3), the Government's September 11, 2026 letter including information about Petitioner's immigration file (Dkt. #6), and Petitioner's September 14, 2026 opposition thereto (Dkt. #7). Petitioner seeks immediate release and a bond hearing (Dkt. #1, 3), while the Government "does not oppose the Court issuing an order directing that Petitioner receive a burden-shifted bond hearing within a reasonable timeframe" (Dkt. #6 at 2).

Contrary to Petitioner's position, the Court believes that this case is factually distinguishable from *Ortiz-Lopez* v. *Francis*, No. 25 Civ. 7985 (KPF) (granting immediate release and a bond hearing to a petitioner admitted to the

United States on a visitor visa with no predicate criminal history). There, the immigration judge refused to hold a bond hearing on grounds that the petitioner was detained under 8 U.S.C. § 1225, despite the petitioner's arguments that he was subject to detention under § 1226(a). In contrast, Mr. El-Sheshtawy is undisputedly detained under § 1226(a), and thus this case is more aligned with the Court's decision in *A.P.C.* v. *Genalo*, No. 26 Civ. 5827 (KPF), 2026 WL 2445040 (S.D.N.Y. Aug. 19, 2026), at *1 (ordering burden-shifted bond hearing for § 1226(a) detainee).

Accordingly, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. The Court therefore ORDERS that, **within fourteen days of this Order**, an Immigration Judge shall hold a bond hearing where the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or flight risk. In determining whether to grant bond, the Court fully expects the Immigration Judge to consider with great care the facts set forth at pages 2 and 3 of Petitioner's September 14, 2026 letter (Dkt. #7). The Immigration Judge shall also consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the Immigration Judge shall consider Petitioner's ability to pay. The Immigration Judge shall also follow the Second Circuit's binding precedent as articulated in *Barbosa da Cunha* v. *Freden*, 175 F.4th 61 (2d Cir. 2026).

**Within 72 hours of the bond hearing**, the Government shall file a letter on the docket of this case stating the outcome of the bond hearing. It shall

also promptly order a transcript or recording of the hearing and file such on the docket. *See A.P.C.*, 2026 WL 2323423, at *2 (ordering similar); *see also Rivas Reyes* v. *Mullin*, No. 26 Civ. 4334 (PAE), 2026 WL 1707170, at *2 (S.D.N.Y. June 12, 2026) (ordering similar).

In light of this Order, the conference scheduled for September 30, 2026, is hereby ADJOURNED *sine die*.

The Clerk of Court is directed to terminate the pending motion at docket entry 3.

SO ORDERED.

Dated: September 14, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge